RUSS, The LAURA. See Case No. 8,120.

---

## Case No. 12,144.

### RUSSEL v. The ASA R. SWIFT.

[Newb. 553.] [1]

District Court, D. Michigan. March, 1857.

WHARVES — LIEN — DOMESTIC VESSEL — SUPREME COURT RULE — POSSESSION.

1. A wharfinger's lien cannot be enforced in admiralty against a domestic vessel.
[Cited in The Maud Webster, Case No. 7,302.]
[Cited in City of Jeffersonville v. The John Shallcross, 35 Ind. 23.]

2. Rule 12 of the supreme court only allows proceedings in rem in cases of domestic vessels, "where by the local law a lien is given to material men for repairs, supplies or other necessaries."
[Followed in The Gem, Case No. 5,303.]

3. A wharfinger is not a material man, but only a lessor, for the time being, of a part of his real estate to be used as moorage.
[Cited in The Kate Tremaine, Case No. 7,622. Approved in The Ottawa, Id. 10,616.]

4. The lien of the wharfinger is only enforceable as a common law lien; if he part with his possession of the vessel, his lien ceases.

[This was a libel for wharfage by George B. Russel against the Asa R. Swift.]

A. Russel, for libelant.
J. M. Howard and J. S. Newberry, for respondents.

This case was fully argued with the following case of Russel v. The Empire State. For the arguments of counsel, see [Case No. 12,145].

WILKINS, District Judge. This libel is for wharfage. The libelant is the proprietor of a wharf erected by him, on his premises, adjacent to Woodward avenue, and bounded by

---

[1] [Reported by John S. Newberry, Esq.]

the same and the river Detroit. His wharf extends some twenty-four feet into the river. He is also in possession of a wharf in Canada, on the opposite side of the river. His deed calls for land "to the river Detroit." His title has been questioned; but that point, as well as the proof in relation to the use of either wharf by the Swift, need not form part of this opinion, as the decision turns upon other considerations. Fully recognizing the right of the owners of water lots, as riparian proprietors (although the river Detroit is, to all intents and purposes a national highway and boundary), to construct wharves, to any extent, in front of their premises, so as not to interfere with or obstruct the free navigation, and to charge wharfage for the use of the same; and disposed to sustain, until overruled by the appellate tribunal, every such claim against a foreign vessel; yet this issue must be determined adverse to the libelant, because the Asa R. Swift is a domestic vessel, as appears by her enrollment and license, and has her home port at Detroit. The local law gives a lien for wharfage, but such lien cannot be enforced in admiralty, under rule 12, prescribed by the supreme court of the United States. By the 6th section of the act of 1842 [5 Stat. 518], the supreme court was invested with the power to prescribe and regulate the whole practice of the courts of admiralty of the United States, thereby giving to this rule the force and effect of a statutory provision. It was also formally adopted by this court. And that rule directs, that proceedings in rem shall only apply to cases of domestic ships, "where, by the local law a lien is given to material men for supplies, repairs or other necessaries." A wharfinger is not a material man, within the spirit and intention of this provision. He furnishes no material that forms part of the ship. Material men, or such as supply the materials for the structure or repair of vessels, as the lumber merchant, who furnishes the timber, the artisan, who ornaments and preserves with paints and oils, the ship chandler, who supplies the canvas and cordage, or the manufacturer, who constructs the propulsion power. The wharfinger cannot be so considered, and is expressly excluded by the terms of this authoritative judicial regulation. He is only a lessor for the time being, of a part of his real estate, to be used as a moorage. He supplies the conveniences of dockage, and the facility of discharging passengers and freight, but no material for the use of the ship. Mr. Justice Story, who drew up these rules, makes this distinction, in Ex parte Lewis [Case No. 8,310]. But wharfage not being a lien under the general maritime law, and only such by the statute of the state, the claim as regards the occasional occupation of the Canada wharf, is only enforceable as a common law lien. As such, the wharfinger could detain the vessel until payment, but if he failed to do this, and parted with his temporary possession, his lien ceased, and such was the ruling of Mr. Justice Story, in the case already cited [supra]. This libel is therefore dismissed, with costs.

NOTE. This case was taken by appeal to the circuit court of the United States, and will probably be decided in June, 1857, and if reported will be found in 7 McLean.
[No report of this case in the circuit court can be found.]